UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD LEROY SATTERLEE,

        Plaintiff,

v.                            Case No. 8:16-cv-1647-T-33TBM

REV1 POWER SERVICES, INC.,
et al.,

        Defendants.
_____/

**ORDER**

    This matter is before the Court sua sponte. Pro se
Plaintiff Ronald Leroy Satterlee filed this breach of contract
action against "Rev1 Power Services, Inc., et al." on June 20,
2016. (Doc. # 1). On July 8, 2016, Satterlee filed three
documents with the Court entitled "Plaintiffs [sic]
Certificate of Service." (Doc. ## 5-7). The first of the
three Certificates purports that Sattlerlee effected service
of the summons and complaint on Defendants.[1] (Doc. # 5). At
this juncture, the Court takes the opportunity to explain to
Satterlee the requirements for properly effecting service.

    Rule 4 of the Federal Rules of Civil Procedure requires
a plaintiff to serve a summons and a copy of the complaint on

_____

[1]Curiously, although Satterlee denoted in the case
caption that the Defendants are "Rev1 Power Services, Inc., et
al," Satterlee does not clearly identify any Defendants other
than Rev1 Power Services in the Complaint. Adding to the
confusion, the first "Certificate of Service" alleges
Satterlee served the summons and complaint on four defendants,
all of whom are corporate officers or managerial employees of
Rev1 Power Services. (Doc. # 5).

a defendant. The methods by which a corporation may be served within a judicial district of the United States are listed in Rule 4(h)(1).  Rule 4(h)(1) requires personal service of the summons and complaint on an agent of the corporation absent waiver of service by the defendant.  Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009).

Pursuant to Rule 4(d), "a plaintiff may request by mail that a defendant waive service of summons."  Lloyd v. Foster, 298 F. App'x 836, 842 (11th Cir. 2008); Fed. R. Civ. P. 4(d)(1). "If the defendant, without good cause, does not comply with the request for waiver, the court must impose upon the defendant the costs and expenses later incurred in making the service."  Lloyd, 298 F. App'x at 842; Fed. R. Civ. P. 4(d)(2).  However, a request for waiver of service does not effect service.  Lloyd, 298 F. App'x at 842 (explaining that a plaintiff may not "perfect service by mail without the affirmative cooperation of the defendant.").

Upon review of Satterlee's "Certificate of Service," the Court determines service has not been properly effected. The "Certificate of Service" states Satterlee served a copy of the summons and complaint "upon the below listed (4) defendants by prepaid USPS Certified Mail on June 27, 2016 and received by defendants on June 30, 2016."  (Doc. # 5 at 1). Satterlee then lists the names and addresses of four Revl Power Services

employees: Bob Coggin, Layla Bonis, Rick Ehrgott, and Ricky Ehrgott. (Id. at 1-2).

Although these individuals may have received a copy of the summons and complaint through the mail, Satterlee presents no evidence Rev1 Power Services waived formal service. Lloyd, 298 F. App'x at 842 (affirming dismissal of claims against a defendant where the plaintiff offered no evidence that defendant agreed to waive formal service and accept service by mail). In particular, Satterlee has not filed a signed waiver of service in the form prescribed by Rule 4(d)(1)(C). See Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required").

Sattlerlee also provides no competent proof he effected formal service under one of the specific methods listed in Rule 4(h)(1). And, even if Satterlee's "Certificate of Service" did suggest that service had been properly effected, the Certificate does not constitute a sufficient proof of service under Rule 4(l). Fed. R. Civ. P. 4(l) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

In the instance that Satterlee is interested in maintaining the present action, he must comply with the foregoing. The deadline for Satterlee to accomplish service is 90 days from the date he filed the Complaint. See Fed. R.

3

Civ. P. 4(m). In accordance with Rule 4(m), Satterlee must effect service by September 19, 2016. The Court further notes, "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Accordingly, it is

       **ORDERED, ADJUDGED,** and **DECREED:**

       Ronald Leroy Satterlee is instructed to comply with Rule 4, Fed. R. Civ. P., and to file a proof of service document once service has been accomplished.

       **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of July, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4