```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

RONALD LEROY SATTERLEE,

       Plaintiff,

v.                                  Case No. 8:16-cv-1647-T-33TBM

REV1 POWER SERVICES, INC.,
et al.,

       Defendants.
_____/

**ORDER**

This matter is before the Court upon the filing of "Plaintiffs [sic] Affidavit of Service" (Doc. # 10), filed by pro se Plaintiff Ronald Leroy Satterlee on July 26, 2016. After reviewing the Affidavit, the Court takes the opportunity to reiterate to Satterlee the requirements for perfecting service.

On July 8, 2016, Satterlee filed a document entitled "Plaintiffs [sic] Certificate of Service," in which Satterlee purported he had effected service of process upon four "defendants" associated with Defendant Rev1 Power Services, Inc.: Bob Coggin, Layla Bonis, Rick Ehrgott, and Ricky Ehrgott.[1] (Doc. # 5). On July 15, 2016, after reviewing Satterlee's Certificate of Service, the Court entered an Order advising Satterlee that service had not been properly

---

[1] None of the four individuals are listed as defendants in the Complaint, but each of the individuals are employees or officers of Rev1 Power Services, Inc. See (Doc. ## 1, 5).

effected. (Doc. # 8). Specifically, the Court noted that Satterlee's mailing of the summons and complaint was insufficient to effect service. (Id. at 2-3). The Court explained to Satterlee the requirements for effecting service under Rule 4, Fed. R. Civ. P., and directed Satterlee to file a proof of service affidavit on the record once service was accomplished. (Id. at 2-4).

On July 26, 2016, Satterlee filed his Affidavit of Service. (Doc. # 10). The Affidavit attempts to prove that Satterlee effected service of the summons and complaint "upon the below listed (4) defendants individually . . . by prepaid USPS Certified Mail on June 27, 2016 and received by defendants on June 30, 2016. . . ." (Id. at 1). In support, Satterlee includes scanned copies of four U.S. Postal Service (USPS) certified mail receipts, the USPS online tracking information for each mailing, and the receipt from his transaction at the post office. (Id. at 3-9). But, none of these documents demonstrate that Satterlee perfected service.

As explained in the July 15, 2016, Order, "[t]he methods by which a corporation may be served within a judicial district of the United States are listed in Rule 4(h)(1)." (Doc. # 8 at 2). Under Rule 4(h)(1), a plaintiff may serve a corporation in one of two ways.

First, a corporation may be served by "following state

law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). Service by certified mail, absent a signed waiver by the defendant, is not sufficient under this method. Dyer v. Wal-Mart Stores, Inc., 318 Fed. Appx. 843, 844 (11th Cir. 2009) ("Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under Rule 1.070." (citation omitted)).

Second, a corporation may be served:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). This method also requires personal service in the absence of a waiver by the defendant. Dyer, 318 Fed. Appx. at 844.

Satterlee has presented no evidence that formal service has been waived in this case and, as such, Satterlee's attempts at service by certified mail are ineffective. In the instance that Satterlee is interested in maintaining the present action, he must perfect service in a manner consistent with the Federal Rules of Civil Procedure. Satterlee should carefully re-read Rule 4, Fed. R. Civ. P., and the July 15,

2016, Order to ensure he complies with the rules for effecting service detailed therein. The Court reminds Satterlee that service must be perfected by **September 19, 2016**, pursuant to Rule 4(m), Fed. R. Civ. P.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Ronald Leroy Satterlee is instructed to perfect service in a manner contemplated by Rule 4, Fed. R. Civ. P., by the **September 19, 2016**, deadline, and to file a proof of service document once service has been accomplished.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of August, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE