UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD LEROY SATTERLEE,

    Plaintiff,
v.                            Case No. 8:16-cv-1647-T-33TBM

REV1 POWER SERVICES, INC.,
et al.,

    Defendants.
_____/

**ORDER**

This cause is before Court upon sua sponte review of pro se Plaintiff Ronald Leroy Satterlee's Complaint (Doc. # 1). For the reasons stated below, the Court strikes the Complaint and grants Satterlee leave to file an amended complaint by September 1, 2016.

**I.**    **Background**

On June 20, 2016, Satterlee filed a complaint against Defendant "Rev1 Power Services, Inc., et al." for breach of contract. (Doc. # 1). Satterlee's primary grievance appears to stem from Rev1 Power Services' decision to rescind its conditional offer to hire Satterlee as an independent contractor. (Id.).

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by

1

attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 Fed. Appx. 593, 595 (11th Cir. 2014). A district judge may sua sponte dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he district judge also has the inherent authority sua sponte to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly. . . ." Fikes, 79 F.3d at 1082 (citation omitted).

Even when construed liberally to account for Satterlee's pro se status, the complaint contravenes Rules 8(a) and 10(b).

2

The complaint is twenty-three pages long and is replete with a disorderly mass of information. Satterlee arbitrarily divides the complaint into subsections entitled "Cause of Action," "Rev1 Power Services, Inc.," "Rev1Power Services Breach of Contract," "Argument," and "Conclusion." (Doc. # 1 at 2, 4, 8, 17, 21). Each subsection incorporates by reference all preceding allegations. (Id. at ¶¶ 9, 19, 23-24, 31). Consequently, "the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to [the] particular cause of action asserted." Durrance v. Deutsche Bank Nat'l Tr. Co., No. 3:12-cv-1097-J-99MMH-MCR, 2012 WL 5416950, at *1 (M.D. Fla. Oct. 16, 2012).

Also, Satterlee's complaint is chiefly comprised of a series of email exchanges between him and individuals involved in Rev1 Power Services' hiring process. This means that "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Amidst the pages of irrelevant email correspondence, Satterlee alleges facts in order to support his breach of contract claim. He also appears to claim that, in the course of terminating his employment offer, Rev1 Power Services committed libel and defamation of

3

character and "knowingly violated 8 C.F.R. 274a.2." (Doc. # 1 at ¶ 8). But, Satterlee does not identify the essential facts that support those allegations. Simply put, the way that Satterlee drafted his complaint makes it difficult, if not impossible, for the defendant to adequately prepare defenses to Satterlee's claims.

Further, Satterlee denotes in the caption that this case is brought against "Rev1 Power Services, Inc., et al." but neglects to identify any defendant other than Rev1 Power Services in the complaint. Compounding the confusion, Satterlee informed the Court in his "Certificate of Service" that he attempted to serve four "defendants" in this case: Bob Coggin, Layla Bonis, Rick Ehrgott, and Ricky Ehrgott. (Doc. # 5). But, Satterlee does not name any of these four individuals as defendants in the case caption as required by Rule 10(a), Fed. R. Civ. P. Because of this inconsistency, the Court cannot determine who is a party to this case.

The Court will provide Satterlee with an opportunity to draft an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. The amended complaint should assert in a separate count each claim founded on a separate transaction or occurrence. Ideally, each count should allege violations of only one statute or

4

constitutional provision. Additionally, to the extent that Satterlee seeks to bring claims against Coggin, Bonis, Rick Ehrgott, or Ricky Ehrgott, he must name each of these defendants in the case caption. Finally, when drafting the amended complaint, Satterlee should reference only the specific facts essential to support his allegations so as to provide notice to the defendant or defendants of what the claims are and the grounds upon which those claims rest.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Ronald Leeroy Satterlee's Complaint (Doc. # 1) is **STRICKEN**. Satterlee is directed to file an amended complaint that complies with the Federal Rules of Civil Procedure by **September 1, 2016.** Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of August, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE